UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CONAIR LLC d/b/a BABYLISSPRO

        Plaintiff,

v.

LIGHTHOUSE WHOLESALE, LLC,
LALA DAISY LLC, and BEACON
BRANDS, LLC d/b/a WALMART
SELLER "UNION SQUARE LIMITED"
and TARGET SELLER "BEACON
BEAUTY CENTER,"

        Defendant.

Case No.: 3:23-cv-01038

# COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Conair LLC d/b/a BaBylissPRO ("Plaintiff" or "BaBylissPRO"), by and through its undersigned counsel, complains of Defendant Lighthouse Wholesale, LLC, LaLa Daisy LLC, and Beacon Brands, LLC's d/b/a Walmart Seller "Union Square Limited" and Target Seller "Beacon Beauty Center" ("Defendant")[1] conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. BaBylissPRO seeks injunctive and monetary relief for Defendant's trademark infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's improper sale of BaBylissPRO® Products, false advertising, and unfair and deceptive business practices.

---

[1] As discussed herein, Lighthouse Wholesale, LLC, LaLa Daisy LLC, and Beacon Brands, LLC are one and the same or otherwise affiliated or acting in concert. As such, all entities are herein referred to as "Defendant."

2. This case concerns Defendant's wrongful, misleading promotion and sale of BaBylissPRO® Products (defined herein) through online commerce sites. Defendant has and continues to falsely advertise the BaBylissPRO® Products it offers for sale and sells to consumers throughout the United States via online commerce sites, including, but not limited to, Walmart.com and Target.com, as well as its own website, www.laladaisy.com.

3. Specifically, Defendant advertises to consumers that the BaBylissPRO® Products it offers for sale and sells are protected by the corresponding BaBylissPRO manufacturer's warranty, when they are not. Only BaBylissPRO® Products purchased from an Authorized Reseller (defined herein) qualify for the corresponding BaBylissPRO manufacturer's warranty. Because Defendant is not authorized to sell BaBylissPRO® Products and is not an Authorized Reseller of BaBylissPRO® Products, the BaBylissPRO® Products offered for sale and sold by Defendant are not covered—and cannot be covered—by the corresponding BaBylissPRO manufacturer's warranty.

4. To further deceive consumers, through its advertisements and unauthorized sale of Defendant BaBylissPRO® Products, Defendant intentionally creates the false and/or misleading impression that Defendant is among BaBylissPRO's Authorized Reseller Network, or otherwise associated with, affiliated with, or sponsored by BaBylissPRO, which it is not, causing consumer confusion and disappointment.

5. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of BaBylissPRO. As a result of Defendant's actions, BaBylissPRO is suffering a loss of the enormous goodwill that BaBylissPRO has created in its trademarks and is losing profits from lost sales of products.

6. This action seeks permanent injunctive relief and damages for Defendant's infringement of BaBylissPRO's intellectual property rights.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

8. Defendant is subject to personal jurisdiction in the State of Connecticut and this District because Defendant (a) offers for sale and has sold numerous products within the United States, the State of Connecticut, and this District; (b) misrepresents the nature of the products it sells to residents of the United States, the State of Connecticut, and this District; (c) has caused injury to BaBylissPRO in the United States, the State of Connecticut, and this District; (d) practices the unlawful conduct complained of herein, in part, within the United States, the State of Connecticut, and this District; (e) regularly conducts or solicits business within the United States, the State of Connecticut, and this District; and (f) regularly and systematically directs electronic activity into the United States, the State of Connecticut, and this District with the manifest intent of engaging in business within the United States, the State of Connecticut, and this District, including the sale and/or offer for sale of BaBylissPRO Products to Internet users within the United States, the State of Connecticut, and this District.

9. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**PARTIES**

10. Plaintiff Conair LLC d/b/a BaBylissPRO is a Delaware limited liability company having its principal place of business in Stamford, Connecticut. BaBylissPRO develops, markets, and sells a variety of innovative, high-performance professional styling and beauty products and accessories under the "BaBylissPRO" brand name (the "BaBylissPRO® Products").

11. Defendant Lighthouse Wholesale, LLC d/b/a Walmart Seller "Union Square Limited" and Target Seller "Beacon Beauty Center" is a Florida limited liability company with its principal place of business located at 15402 Nebraska Avenue, Suite 100, Lutz, FL 33549. Defendant does business and has done business and sold products, including BaBylissPRO® Products, to customers within the State of Connecticut and this District through various online commerce sites, including, but not limited to, Walmart.com and Target.com, using seller names, including, but not limited to, "Union Square Limited" and "Beacon Beauty Center," as well as its own website, www.laladaisy.com. Defendant is an unauthorized dealer of BaBylissPRO® Products. Upon information and belief, Lighthouse Wholesale, LLC is affiliated or otherwise acting in concert with LaLa Daisy LLC and Beacon Brands, LLC.

12. Defendant LaLa Daisy LLC d/b/a Walmart Seller "Union Square Limited" and Target Seller "Beacon Beauty Center" is a Florida corporation with its principal place of business located at 15402 Nebraska Avenue, Suite 100, Lutz, FL 33549. Defendant does business and has done business and sold products, including BaBylissPRO® Products, to customers within the State of Connecticut and this District through various online commerce sites, including, but not limited to, Walmart.com and Target.com, using seller names, including, but not limited to, "Union Square Limited" and "Beacon Beauty Center," as well as its own website, www.laladaisy.com. Defendant is an unauthorized dealer of BaBylissPRO® Products. Upon information and belief, LaLa Daisy

LLC is affiliated or otherwise acting in concert with Lighthouse Wholesale, LLC and Beacon Brands, LLC.

13. Defendant Beacon Brands, LLC d/b/a Walmart Seller "Union Square Limited" and Target Seller "Beacon Beauty Center" is a Florida corporation with its principal place of business located at 15402 Nebraska Avenue, Suite 100, Lutz, FL 33549. Defendant does business and has done business and sold products, including BaBylissPRO® Products, to customers within the State of Connecticut and this District through various online commerce sites, including, but not limited to, Walmart.com and Target.com, using seller names, including, but not limited to, "Union Square Limited" and "Beacon Beauty Center," as well as its own website, www.laladaisy.com. Defendant is an unauthorized dealer of BaBylissPRO® Products. Upon information and believe, Beacon Brands, LLC is affiliated or otherwise acting in concert with Lighthouse Wholesale, LLC and LaLa Daisy LLC.

## FACTS

*BaBylissPRO's Trademark Usage*

14. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with hairstyling products (hereinafter, the "BaBylissPRO Marks"). The BaBylissPRO Marks include, but are not limited to:

| Mark | Registration Number | Registration Date |
|---|---|---|
| BabylissPro | 4,956,196 | May 10, 2016 |
| BabylissPro | 4,561,367 | July 1, 2014 |

15. The BaBylissPRO Marks have been in continuous use throughout the United States by BaBylissPRO, on or in connection with the manufacture, distribution, sale and promotion of its products.

16. BaBylissPRO advertises, distributes, and sells its BaBylissPRO® Products to consumers under the BaBylissPRO Marks.

17. BaBylissPRO has also acquired common law rights in the use of the BaBylissPRO Marks throughout the United States.

18. The federal trademark registrations for the BaBylissPRO Marks were duly and legally issued, are valid and subsisting and incontestable pursuant to 15 U.S.C. § 1065, and constitute *prima facie* evidence of the validity of the BaBylissPRO Marks.

19. BaBylissPRO has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the BaBylissPRO Marks throughout the United States and the world.  As a result of such advertising and promotion, BaBylissPRO has established substantial goodwill and widespread recognition in the BaBylissPRO Marks, and the BaBylissPRO Marks have become associated exclusively with BaBylissPRO and the BaBylissPRO® Products by both customers and potential customers, as well as the general public at large.

20. To create and maintain such goodwill among its customers, BaBylissPRO has taken substantial steps to ensure that products bearing the BaBylissPRO Marks are of the highest quality. As a result, the BaBylissPRO Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

21. As a result of, *inter alia*, the care and skill exercised by BaBylissPRO in the conduct of its business, the high quality of the goods sold under the BaBylissPRO Marks, and the extensive

advertising, sale, and promotion by BaBylissPRO of its products, the BaBylissPRO Marks have acquired secondary meaning in the United States and the world, including this District.

22. At all relevant times, BaBylissPRO was not affiliated with Defendant, and Defendant was not authorized to use any of the BaBylissPRO Marks.

***BaBylissPRO® Products***

23. BaBylissPRO sells its products to consumers through a network of exclusive and authorized resellers ("Authorized Resellers" and the "Authorized Reseller Network").

24. Only BaBylissPRO® Products purchased from an Authorized Reseller qualify for the corresponding BaBylissPRO manufacturer's warranty and are supported by the customer service of its Authorized Reseller Network.

25. BaBylissPRO® Products offered for sale and sold by unauthorized dealers, such as Defendant, are not protected by the corresponding BaBylissPRO manufacturer's warranty.

26. BaBylissPRO has invested and has expended significant time and effort in advertising and promoting its BaBylissPRO Products and developing its Authorized Internet Reseller Network.

27. Through advertising and promotional efforts, customers throughout the State of Connecticut, the United States, and the world recognize the BaBylissPRO name and logo, upon which they rely for high quality products and attentive customer service.

28. As a result of such advertising and promotion, BaBylissPRO has established substantial goodwill and widespread recognition in the BaBylissPRO Products, which have become associated exclusively with BaBylissPRO and its products by both customers and potential customers, as well as with the general public at large.

*Defendant's Infringing and Improper Conduct*

29. Defendant has offered for sale and sold, and is currently offering for sale and selling, BaBylissPRO® Products on various online commerce sites including, but not limited to, Walmart.com and Target.com, using seller names, including, but not limited to, "Union Square Limited" and "Beacon Beauty Center," as well as its own website, www.laladaisy.com.

30. Defendant is not authorized to sell BaBylissPRO® Products and is not an Authorized Reseller of BaBylissPRO® Products

31. Defendant offers for sale and sells BaBylissPRO® Products on the Internet using the BaBylissPRO Marks.

32. The below are examples of Defendant's product listings advertising BaBylissPRO® Products:







33.  The BaBylissPRO® Products that Defendant sells online through Walmart.com, Target.com, and www.laladaisy.com are advertised as being in "new" condition.

34.  Because Defendant is not authorized to sell BaBylissPRO® Products and is not an Authorized Reseller of BaBylissPRO® Products, the BaBylissPRO® Products offered for sale and

9

sold by Defendant are not covered—and cannot be covered—by the corresponding BaBylissPRO manufacturer's warranty.

35. Despite this, Defendant advertises that the BaBylissPRO® Products it offers for sale are protected by the corresponding BaBylissPRO manufacturer's warranty, when they are not.

36. Below are examples of Defendant's product listings falsely advertising that the BaBylissPRO® Products it offers for sale are protected by the corresponding BaBylissPRO manufacturer's warranty:







37.     Additionally, by advertising BaBylissPRO® Products as "new," Defendant creates the false impression to consumers that the BaBylissPRO® Products offered for sale and sold come with the corresponding BaBylissPRO warranty.

38.     Only BaBylissPRO® Products purchased from an Authorized Reseller qualify for the BaBylissPRO warranty.  The BaBylissPRO warranty is only valid if purchased directly from an Authorized Reseller. The BaBylissPRO warranty does not extend to BaBylissPRO® Products purchased from unauthorized dealers, such as Defendant.

39.     By advertising that Defendant's BaBylissPRO® Products are protected by the corresponding BaBylissPRO warranty, Defendant falsely advertises its BaBylissPRO® Products to consumers on the Internet.

40.     Consumers that purchase BaBylissPRO® Products sold by Defendant expect that those products will have the corresponding BaBylissPRO warranty.

41.     Furthermore, and separately, Defendant's advertisements for BaBylissPRO® Products intentionally misrepresent to consumers that Defendant is an Authorized Reseller of BaBylissPRO® Products, or otherwise associated with, affiliated with, or sponsored by BaBylissPRO.

42.     Defendant's advertisements for BaBylissPRO® Products, as well as sale of BaBylissPRO® Products, without authorization or license creates the false and/or misleading

11

impression that Defendant is among BaBylissPRO's Authorized Reseller Network, or otherwise associated with, affiliated with, or sponsored by BaBylissPRO, which it is not, causing consumer confusion and disappointment.

43. For example, Defendant offers consumers a "Frequently Asked Questions" section regarding BaBylissPRO on its www.laladaisy.com website, although Defendant is not authorized to offer for sale and sell BaBylissPRO® Products and has not received training from BaBylissPRO to be able to adequately service customers purchasing and/or attempting to purchase BaBylissPRO® Products through its online retail spaces, as would a BaBylissPRO Authorized Reseller:

BaByliss is a leading brand of heated hair styling tools. Browse a selection of hairdryers, curling irons, straightening irons, and other heat tools. BaByliss has consumer and professional product lines with ceramic, porcelain, titanium, or tourmaline hair contact surfaces. Get salon results with the BaByliss PRO line of dryers, setters, and irons. These products provide industry-leading thermal styling innovation at affordable price points. Many BaByliss hair dryers feature far-infrared heat and natural ions for faster drying times with minimal damage. Easily pair a BaByliss dryer with a diffuser or smoothing attachment for any hair texture. BaByliss styling tools heat evenly and quickly and are easy to adjust and safe to use, making this brand a good choice for personal or salon hair care.

## BaByliss Frequently Asked Questions

### Is BaByliss a good brand?

BaByliss is one of the most trusted makers of heat styling tools. This brand sells consumer- and salon-grade equipment such as hair dryers, curling, and straightening irons, setters, and other specialty tools. Salon stylists appreciate this brand's use of innovative materials such as titanium and tourmaline. Many of the brand's hairdryers and texture tools generate ions to make the hair appear sleeker regardless of the heat protectant and styling products you use.

### What BaByliss dryer is best for thick hair?

You can dry your hair most quickly with a BaByliss dryer that has a grille infused with Graphite or Nano Titanium for heat transfer and ionic technology for sleek strands. The brand's high-end dryers run on brushless engines designed by Ferrari. Even more affordable Porcelain Ceramic or Tourmaline Titanium dryers work faster than other brands. Depending on the texture of your hair, you may prefer to use a BaByliss dryer with a diffuser or smoothing attachment.

### Which sizes of BaByliss straighteners are available?

BaByliss makes thermal hair straighteners that have one-inch, 1.25-inch, 1.5-inch, or two-inch heated plates. Choose a consumer-grade design from the Porcelain Ceramic series or a Professional design such as the BaBylissPRO Nano Titanium Ultra-Thin Straightening Iron 1 1/4 Inch. Materials used in the heated plates on these tools vary based on the product line. Consider the design and price point of a styling tool to select the best straightener.

### What is the best BaByliss hair straightener?

Most top-of-the-line BaByliss PRO hair straighteners feature heated titanium plates. A Porcelain Ceramic straightening iron can be more affordable. Hair straighteners by BaByliss and other brands come with plates of several widths. Pick a straightening iron based on the length of your hair. One-inch or 1.5-inch wide plates can easily straighten short to medium-length hair, while longer hair can benefit from a straightener that has two-inch plates.

### What BaByliss curling iron sizes are available?

BaByliss makes curling irons with diameters that start at 0.75 inches and go up to 1.5 inches. This measurement indicates barrel thickness, which determines the diameter of curls. Use a smaller barrel to create corkscrew curls or define loose curls with a large barrel curling iron. A thicker curling iron may also be easier to use on long hair, though you can work in sections with any styling tool.

### How do BaByliss hair dryers reduce drying time?

Every BaByliss hair dryer features powerful thermal technology. Dryers in the Porcelain Ceramic series and the BaByliss PRO TT Tourmaline and Nano Titanium series emit far-infrared heat and natural ions for faster drying. Reducing the duration of drying and applying lower heat may make heat styling less damaging to hair. The brand's dryers also have good heat conductivity and are comfortable to use. It may be possible to reduce damage by applying heat protectant in advance of using a blow dryer.

### Can BaByliss products minimize heat damage?

BaByliss designs heat tools to dry hair faster. The brand's core line of ceramic styling tools deliver even heat for fast styling with less damage. The BaByliss PRO Nano Titanium line features improved conductivity, while the brand's professional TT Tourmaline series of dryers provide far-infrared heat for maximum efficiency. The materials used to make these tools provide even heating for consistent and efficient styling.

13

44. Consumers are disappointed when they realize that Defendant cannot offer the BaBylissPRO manufacturer's warranty and has not received training from BaBylissPRO to be able to adequately service customers purchasing and/or attempting to purchase BaBylissPRO® Products through its online retail spaces, as would a BaBylissPRO Authorized Reseller.

45. Further, Defendant advertises consumers that it fulfills product orders with purchases directly from BaBylissPRO or an "authorized distributor," creating the false impression with consumers that it is authorized to resell BaBylissPRO Products:



46. As an unauthorized reseller of BaBylissPRO® Products, Defendant does not purchase BaBylissPRO® Products directly from BaBylissPRO and is not authorized to purchase BaBylissPRO® Products from any other source for resale.

47. Defendant intentionally advertises and sells BaBylissPRO® Products in ways that are likely to deceive consumers and create consumer confusion.

48. Defendant's continued advertisement, display, and sale of BaBylissPRO® Products on the Internet has harmed, and continues to harm, BaBylissPRO and consumers.

49. BaBylissPRO has contacted Defendant on several occasions regarding is false advertising and trademark infringement.

*Likelihood of Confusion and Injury Caused by Defendant's Actions*

50. Defendant's actions substantially harm BaBylissPRO by placing falsely advertised BaBylissPRO® Products into the stream of commerce.

51. Defendant's advertisement and sale of BaBylissPRO® Products without the corresponding BaBylissPRO manufacturer's warranty is likely to cause—and has caused—consumer confusion and disappointment regarding BaBylissPRO's sponsorship or approval of those products.

52. Defendant's advertisements for BaBylissPRO® Products, as well as sale of BaBylissPRO® Products, without authorization or license is likely to cause—and has caused—consumer confusion and disappointment that Defendant is among BaBylissPRO's Authorized Reseller Network.

53. Defendant's actions substantially harm BaBylissPRO and consumers who ultimately purchase Defendant's products believing them to be the same high-quality BaBylissPRO® Products that they would receive from BaBylissPRO or an Authorized Reseller. Defendant's actions cause consumers to not receive the BaBylissPRO® Product as he or she intended.

54. Defendant's actions substantially harm BaBylissPRO's goodwill and reputation when consumers learn that the BaBylissPRO® Products they have purchased are not protected by the BaBylissPRO manufacturer's warranty and customer service support of BaBylissPRO's Authorized Reseller Network.

55. Defendant's conduct results in consumer confusion as well as the dilution of BaBylissPRO's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

56. The harm being caused by the Defendant in this case is not theoretical. Defendant's customers have complained about Defendant's false and misleading advertisements. Specifically, consumers have complained of Defendant's false advertising:



57. Moreover, the sale of BaBylissPRO® Products by unauthorized resellers, such as Defendant, interferes with BaBylissPRO's ability to control the quality of products bearing the BaBylissPRO Marks.

58. Defendant's unauthorized sale of BaBylissPRO® Products results in the lessening of sales of authorized and properly advertised BaBylissPRO® Products to the detriment of BaBylissPRO.

59. As a result of Defendant's actions, BaBylissPRO is suffering the loss of the enormous goodwill it created in the BaBylissPRO Marks.

60. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to BaBylissPRO's irreparable harm.

## COUNT I
## Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

61. BaBylissPRO hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

63. BaBylissPRO engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the BaBylissPRO Marks, throughout the United States.

64. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to BaBylissPRO and its goods and services, and/or falsely represent the nature, qualities, and characteristics of the BaBylissPRO® Products sold by Defendant in violation of 15 U.S.C. § 1125.

65. Defendant's advertisement and sale of BaBylissPRO® Products as alleged herein constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

66. Defendant's advertisement and sale of BaBylissPRO® Products as alleged herein intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services. Specifically, Defendant's advertisements of BaBylissPRO® Products intentionally misrepresent to consumers that the BaBylissPRO® Products they have

17

purchased are protected by the BaBylissPRO manufacturer's warranty and customer service support of BaBylissPRO's Authorized Reseller Network.

67. Defendant's advertisement and sale of BaBylissPRO® Products as alleged herein creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to BaBylissPRO's goodwill and reputation in the BaBylissPRO brands and BaBylissPRO® Products, for which BaBylissPRO has no adequate remedy at law.

68. Defendant's advertisement and sale of BaBylissPRO® Products to mislead and deceive consumers into believing that the BaBylissPRO® Products sold by Defendant are protected by the BaBylissPRO manufacturer's warranty and customer service support of BaBylissPRO's Authorized Reseller Network demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the BaBylissPRO brands and BaBylissPRO® Products, thereby causing immediate, substantial, and irreparable injury to BaBylissPRO.

69. As a direct and proximate result of Defendant's actions, BaBylissPRO has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and, unless its conduct is enjoined, BaBylissPRO's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, BaBylissPRO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

70. BaBylissPRO is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

71. BaBylissPRO is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

**RELIEF REQUESTED**

WHEREFORE, BaBylissPRO prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Walmart.com and Target.com, or any website, such as www.laladaisy.com, website host, website administrator, domain registrar, or internet service provider, from:

   a. using, or attempting to use, any of BaBylissPRO's intellectual property, including, but not limited to, the BaBylissPRO Marks;

   b. acquiring, or taking any steps to acquire, any BaBylissPRO® Products;

   c. selling, or taking any steps to sell, any BaBylissPRO® Products;

   d. engaging in any activity constituting unfair competition with BaBylissPRO; and

   e. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B. Adjudge Defendant to have violated 15 U.S.C. § 1125(a) by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the BaBylissPRO® Products sold by it;

C. Enter judgment that Defendant's acts of infringement have been knowing and willful;

D. Award BaBylissPRO its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

E. Award BaBylissPRO its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117;

F. Award BaBylissPRO pre-judgment and post-judgment interest in the maximum amount allowed under the law;

G. Award BaBylissPRO the costs incurred in bringing this action; and

H. Award any other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

BaBylissPRO hereby requests trial by jury on all claims so triable.

Plaintiff,

Conair LLC d/b/a BaBylissPRO,

By its attorneys,

*/s/ Scott G. Ofrias*
Scott G. Ofrias (ct31257)
scott.ofrias@klgates.com
Michael R. Murphy (*pro hac vice* anticipated)
michael.r.murphy@klgates.com
Morgan T. Nickerson (*pro hac vice* anticipated)
morgan.nickerson@klgates.com
Jack S. Brodsky (*pro hac vice* anticipated)
jack.brodsky@klgates.com
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114-2023
T: 617.261.3100

Dated: August 3, 2023