# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONAIR LLC d/b/a BABYLISSPRO,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTHOUSE WHOLESALE, LLC, LALA DAISY LLC, and BEACON BRANDS, LLC d/b/a WALMART SELLER "UNION SQUARE LIMITED" and TARGET SELLER "BEACON BEAUTY CENTER"<br><br>Defendants. | CASE NO. 3:23-cv-01038 (JCH)<br><br><br><br><br><br><br><br><br><br>September 28, 2023 |

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants Lighthouse Wholesale, LLC, LaLa Daisy LLC, Beacon Brands LLC d/b/a Walmart Seller "Union Square Limited" and Target Seller "Beacon Beauty Center," (collectively "Lighthouse"), by and through its undersigned counsel, hereby submits its Answer to the Complaint filed by Plaintiff Conair LLC d/b/a BaBylissPRO ("Plaintiff" or "Conair"):

## NATURE OF THIS ACTION

1. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 1 of the Complaint and on that basis denies them.

2. Lighthouse denies the allegations of paragraph 2 of the Complaint.

3. Lighthouse denies the allegations of paragraph 3 of the Complaint.

4. Lighthouse denies the allegations of paragraph 4 of the Complaint.

5. Lighthouse denies the allegations of paragraph 5 of the Complaint.

6. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 6 of the Complaint and on that basis denies them.

## JURISDICTION AND VENUE

7. Lighthouse admits that this Court has jurisdiction over the subject matter of this Complaint.

8. Lighthouse denies the allegations of paragraph 8 of the Complaint except admits that it has advertised and sold products in the United States, the State of Connecticut and this District and therefore is subject to personal jurisdiction in the State of Connecticut and this District.

9. Lighthouse denies the allegations of paragraph 9 of the Complaint, except admits that venue is proper in this District.

## PARTIES

10. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies them.

11. Lighthouse denies the allegations of paragraph 11 of the Complaint.

12. Lighthouse denies the allegations of paragraph 12 of the Complaint.

13. Lighthouse denies the allegations of paragraph 13 of the Complaint.

## FACTS

14. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 14 of the Complaint and on that basis denies them, except that Lighthouse admits that Plaintiff is the last listed owner by assignment of two United States registrations for the mark BabylissPro.

15. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 15 of the Complaint and on that basis denies them.

16. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 16 of the Complaint and on that basis denies them.

17. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 17 of the Complaint and on that basis denies them.

18. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 18 of the Complaint and on that basis denies them.

19. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 19 of the Complaint and on that basis denies them.

20. Lighthouse denies the allegations of paragraph 20 of the Complaint.

21. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 21 of the Complaint and on that basis denies them.

22. Lighthouse denies the allegations of paragraph 22 of the Complaint.

23. Lighthouse denies the allegations of paragraph 23 of the Complaint.

24. Lighthouse denies the allegations of paragraph 24 of the Complaint.

25. Lighthouse denies the allegations of paragraph 25 of the Complaint.

26. Lighthouse denies the allegations of paragraph 26 of the Complaint.

27. Lighthouse denies the allegations of paragraph 27 of the Complaint.

28. Lighthouse denies the allegations of paragraph 28 of the Complaint.

29. Lighthouse denies the allegations of paragraph 29 of the Complaint, except admits that it advertises and has offered for sale and sold genuine and authentic BabylissPro products.

30. Lighthouse denies the allegations of paragraph 30 of the Complaint.

31. Lighthouse denies the allegations of paragraph 31 of the Complaint except states that it's use of Plaintiffs' trade dress and trademarks to advertise and sell genuine and authentic BabylissPro products is entirely lawful.

32. Lighthouse denies the allegations of paragraph 32 of the Complaint.

33. Lighthouse denies the allegations of paragraph 33 of the Complaint.

34. Lighthouse denies the allegations of paragraph 34 of the Complaint.

35. Lighthouse denies the allegations of paragraph 35 of the Complaint.

36. Lighthouse denies the allegations of paragraph 36 of the Complaint.

37. Lighthouse denies the allegations of paragraph 37 of the Complaint.

38. Lighthouse denies the allegations of paragraph 38 of the Complaint.

39. Lighthouse denies the allegations of paragraph 39 of the Complaint.

40. Lighthouse denies the allegations of paragraph 40 of the Complaint.

41. Lighthouse denies the allegations of paragraph 41 of the Complaint.

42. Lighthouse denies the allegations of paragraph 42 of the Complaint.

43. Lighthouse denies the allegations of paragraph 43 of the Complaint.

44. Lighthouse denies the allegations of paragraph 44 of the Complaint.

45. Lighthouse denies the allegations of paragraph 45 of the Complaint.

46. Lighthouse denies the allegations of paragraph 46 of the Complaint.

47. Lighthouse denies the allegations of paragraph 47 of the Complaint.

48. Lighthouse denies the allegations of paragraph 48 of the Complaint.

49. Lighthouse denies the allegations of paragraph 49 of the Complaint.

50. Lighthouse denies the allegations of paragraph 50 of the Complaint.

51. Lighthouse denies the allegations of paragraph 51 of the Complaint.

52. Lighthouse denies the allegations of paragraph 52 of the Complaint.

53. Lighthouse denies the allegations of paragraph 53 of the Complaint.

54. Lighthouse denies the allegations of paragraph 54 of the Complaint.

55. Lighthouse denies the allegations of paragraph 55 of the Complaint.

56. Lighthouse denies the allegations of paragraph 56 of the Complaint.

57. Lighthouse denies the allegations of paragraph 57 of the Complaint.

58. Lighthouse denies the allegations of paragraph 58 of the Complaint.

59. Lighthouse denies the allegations of paragraph 59 of the Complaint.

60. Lighthouse denies the allegations of paragraph 60 of the Complaint.

## **COUNT I**

**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

61. In response to paragraph 61 of the Complaint, Lighthouse repeats and realleges its responses to all of the preceding paragraphs of the Complaint as if fully set forth herein.

62. Lighthouse denies the allegations of paragraph 62 of the Complaint, except admits that Plaintiff seeks to assert a claim for unfair competition, trade dress and trademark under 15 U.S.C. §1125(a).

63. Lighthouse lacks the knowledge and information sufficient to admit or deny the allegations of paragraph 63 of the Complaint and on that basis denies them.

64. Lighthouse denies the allegations of paragraph 64 of the Complaint.

65. Lighthouse denies the allegations of paragraph 65 of the Complaint.

66. Lighthouse denies the allegations of paragraph 66 of the Complaint.

67. Lighthouse denies the allegations of paragraph 67 of the Complaint.

68. Lighthouse denies the allegations of paragraph 68 of the Complaint.

69. Lighthouse denies the allegations of paragraph 69 of the Complaint.

70. Lighthouse denies the allegations of paragraph 70 of the Complaint.

71. Lighthouse denies the allegations of paragraph 71 of the Complaint.

## PLAINTIFF'S REQUESTED RELIEF

72. Lighthouse denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief, paragraphs A through H.

## AFFIRMATIVE DEFENSES

1. **First Affirmative Defense –** The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2. **Second Affirmative Defense –** Plaintiff's claims are barred because all alleged acts of advertising, marketing, promotion, offer for sale and/or sale by Lighthouse were in connection with genuine and authentic product manufactured and originating with Plaintiff and, therefore, Lighthouse cannot be liable for any acts of unfair competition or infringement under the Lanham Act.

For example, Lighthouse's actions in connection with the advertisement, promotion, marketing, offer for sale and sale of genuine products, in their original packaging, are completely legal. A product may be advertised bought and sold by persons and entities other that a manufacturer's so called "authorized distributors." In ecommerce, sales by third party sellers are common and entirely legal. Such sellers often have lower overhead expenses and are able to offer products at lower prices, which benefits consumers.

However, producers, like Plaintiff, and their so-called "authorized resellers," are incentivized to eliminate such sellers so as to protect their own profit margins. In this case, Plaintiff primarily relies on fabricated and/or arbitrary restrictions or prohibitions that it establishes to try to control price to make a case of "infringement" and "unfair competition" where none exists. Plaintiff also tries to bolster its claim by alleging that Lighthouse interferes with "quality controls" without providing any further allegations about what those quality controls are or how Lighthouse is possibly interfering with them by advertising and selling genuine products.

Well established doctrines make clear that the Lanham Act and unfair competition laws do not prevent the purchasers from advertising and re-selling products without permission from the owner of the trademark or trade dress rights. In particular, the "Fist Sale Doctrine" permits a re-seller to sell goods, and to use a Plaintiff's trade dress and trademarks to identify Plaintiff's goods without condition.

3. **Third Affirmative Defense** – Plaintiff's claims are barred by the First Sale Doctrine.

4. **Fourth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, because Plaintiffs' purported quality control(s) is pretextual.

5. **Fifth Affirmative Defense** – Plaintiff's so-called "brand protection" efforts are contrived to try to eliminate companies like Lighthouse from selling its products to consumers for a lower price, which is anti-competitive and unlawful.

6. **Sixth Affirmative Defense** – Plaintiffs' claims are barred, in whole or in part, because Plaintiff's motivation in asserting the claims in this lawsuit is to control the prices at

which its products are advertised and sold online, and not quality control or to prevent consumer confusion.

7. **Seventh Affirmative Defense** – Plaintiff's trademark and/or trade dress claims are barred because Lighthouse's use of the asserted trademarks and/or trade dress, if any, was used in a manner which is permissible and fair under the law. For example, under the doctrine of "Nominative Fair Use," Lighthouse's use of the asserted trade dress and/or trademarks was not to indicate source, but merely to refer to the goods that Lighthouse was selling. Therefore, any use of said trade dress and/or trademarks did not suggest sponsorship or endorsement by Plaintiff.

8. **Eighth Affirmative Defense** - There is no likelihood of confusion between Plaintiff's purported trade dress and/or trademarks and the alleged activities of Lighthouse.

9. **Ninth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no injury. Indeed, Plaintiff has already earned a profit from its original sale of the products at issue in this case that Lighthouse has merely advertised and re-sold.

10. **Tenth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of unclean hands, acquiescence, estoppel, laches and/or waiver.

11. **Eleventh Affirmative Defense** – Plaintiff's claims are barred by the doctrine of acquiescence. Plaintiff knew of Lighthouse's advertising and sale of its products for at least the last five (5) years and never objected.

12. **Twelfth Affirmative Defense** – Plaintiff's claims are barred by the doctrine of laches. Plaintiff has known of Lighthouse's advertising and sale of its products for at least the last five (5) years and never objected.

13. **Thirteenth Affirmative Defense** - Plaintiff's claims are barred by the doctrine of waiver.

Plaintiff not only knew of Lighthouse's advertising and sale of its products, Plaintiff expressly and impliedly approved of Lighthouse's activities. For example, Plaintiff met with Lighthouse on many occasions and in one such instance Plaintiff proposed a plan to Lighthouse to try to limit the ability of third-party sellers, other than Lighthouse, from selling on Walmart's platforms. In furtherance of such plan, Plaintiff requested that Lighthouse introduce them to Walmart executives. Under Plaintiff's proposal, Lighthouse would be the only third-party seller on Walmart's site.

14. **Fourteenth Affirmative Defense** Plaintiffs' claims are barred, in whole or in part, because there has been no damage in any amount, manner or at all by reason of any act alleged against Lighthouse and the relief prayed for therefore cannot be granted.

15. **Fifteenth Affirmative Defense** – Plaintiffs' claims are barred, in whole or in part, by any applicable statute of limitations to any and all of the claims asserted against Lighthouse.

16. **Sixteenth Affirmative Defense T**– Plaintiffs' claims are barred, in whole or in part, because any infringement, if any, was innocent.

17. **Seventeenth Affirmative Defense** – Plaintiffs' claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

18. **Eighteenth Affirmative Defense** – Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Lighthouse.

19. **Nineteenth Affirmative Defense –** Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees.

20. **Twentieth Affirmative Defense** – Plaintiff's claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer irreparable harm.

21. **Twenty-First Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, because Lighthouse acted in good faith.

22. **Nineteenth Affirmative Defense –** Plaintiff's claims are barred, in whole or in part, because any infringement of Plaintiffs trademarks, if any, was without bad faith/willfulness.

23. **Additional Affirmative Defenses** – Lighthouse reserves the right to amend the Answer and/or the foregoing Affirmative Defenses as additional information becomes available during the course of discovery or otherwise. All possible affirmative defenses may not have been alleged here insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of the Answer. As such, Lighthouse may later amend the Answer to raise additional affirmative defenses, if warranted by subsequent investigation. By providing this Answer, Lighthouse does not waive or relinquish any present or potential affirmative defense.

# LIGHTHOUSE'S COUNTERCLAIMS

In addition to the Answer and Affirmative Defenses stated above, and for its Counterclaims for Declaratory Judgment of Non-Infringement against Conair LLC d/b/a BaBylissPRO ("Plaintiff" or "Conair"), Lighthouse Wholesale, LLC ("Lighthouse") states and alleges as follows:

1. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and the Lanham Act, 15 U.S.C. §1051 *et seq*.

2. By this action, Lighthouse seeks a declaration that it has not infringed Conair trademark, trade dress and slogans, nor committed any acts of unfair competition under the Lanham Act by its advertisement, marketing, promotion, offer for sale and/or sale of authentic and genuine products.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*.

4. This Court also has diversity jurisdiction over this dispute under 28 U.S.C. §1332(a) since the matter in controversy exceeds $75,000 and the dispute is between a citizen of the State of Florida and a citizen of another state.

5. Venue is proper is this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

**STATEMENT OF FACTS**

**OVERVIEW**

6. With the surging popularity of online shopping and a growing number of e-commerce platforms, brand owners have found themselves losing the ability to control prices at which their products are advertised and sold.

7. Faced with this dilemma, unscrupulous brand owners, like Conair, have resorted to threatening and often taking action against third party sellers, like Lighthouse, based on trumped-up and pretextual claims of "infringement" and "unfair competition."

8. In so doing, Conair's goal is not legitimate brand protection or legitimate "quality control." Instead, Conair's goal is to control the prices at which its products are sold in the marketplace by eliminating intra-brand competition on online platforms.

**LIGHTHOUSE AND THIRD-PARTY ONLINE SELLERS**

9. Lighthouse operates within a large and growing market niche that serves as a valuable, efficient segment of the economy.

10. The market niche in which Lighthouse operates involves sourcing new and genuine products and then advertising and re-selling those products at low prices. This greatly benefits consumers, who are able to purchase authentic and genuine products at a discount.

11. This business model is completely legal and not unique to Lighthouse. Third-party sellers are common throughout the online marketplace.

12. In addition, for the past few years, consumers in the United States have seen the cost of goods and services skyrocket due to inflation. The cost of raw materials, transportation and other expenses have risen and decreased profit margins, which has only made brand-holders more willing to try to illegally control the prices at which their goods are advertised, offered for

sale and sold to consumers. This is also an unfortunate illustration of the value that retailers like Lighthouse provide, and the importance of having lower cost alternatives for consumer products.

13. Over the past several years, Lighthouse had built a very successful business by advertising, marketing, promoting, offering for sale, and selling many different types of authentic and genuine products on its own online stores on the Walmart.com and Target.com websites.

14. A number of the authentic and genuine consumer products that Lighthouse advertises, markets, promotes, offers for sale and sells in its online shop are Conair BaBylissPRO branded products.

15. These BaBylissPRO branded products have been and are advertised and sold in original packaging.

16. At all times material hereto, all of the BaBylissPRO branded products advertised by Lighthouse were brand new.

17. The BaBylissPRO branded products advertised and sold by Lighthouse are authentic and genuine products which bear the authentic BaBylissPRO trademark and associated trade dress in the packaging design.

18. Lighthouse lawfully controls the prices at which it advertises and offers the goods that it sells, including the BaBylissPRO branded goods at issue herein.

## COUNT I

**Declaration of Non-Infringement of Conair's Trademarks, Slogans and Trade Dress Rights**

19. Lighthouse repeats and realleges each allegation in the preceding paragraphs of its Counterclaim as if fully set forth herein.

20. Conair owns certain trademarks and slogans in connection with which its products are advertised, offered for sale and/or sold to consumers.

21.     For example, Conair claims rights under the Lanham Act in the word marks CONAIR, U.S. Reg. Nos. 0994007 and 1032163.

22.     Conair further claims rights under the Lanham Act in the word marks BABYLISSPRO, U.S. Reg. Nos. 4561367 and 4956196 for hair dryers, curlers and related products. In addition to the BABYLISSPRO trademarks referenced above and in Conair's Complaint, Conair also asserts ownership in other marks that include the term BABYLISSPRO, such as BABYLISSPRO TT, U.S. Reg. No. 3176276; G GRAPHITE TITANIUM BY BABYLISSPRO, U.S. Reg. Nos. 6428728 and 6038221; and BABYLISSPRO RAPIDO, U.S. Reg. No. 5115217.

23.     In addition to the foregoing trademarks, Paragraph 14 of the Complaint references "several registrations for marks used with hairstyling products," which are not limited to the word mark BABYLISSPRO, U.S. Reg. Nos. 4561367 and 4956196.

24.     For example, Conair uses several registered and unregistered slogans:

| Serial Number | Reg. Number | Slogan |
|---|---|---|
| 97006791 | | OVERLY ATTACHED |
| 90596006 | | GROOM LIKE A PRO |
| 90455734 | 7045022 | THE CURL COLLECTIVE |
| 90022318 | 6660547 | A NEW DRYING EXPERIENCE |
| 90022372 | 6442728 | SMOOTH. BALANCED. HEALTHY LOOKING. |
| 88701556 | 6246981 | THE UNITY OF SCIENCE & STYLING |
| 88536128 | 6267577 | THE POWER BEHIND YOUR BEAUTY |
| 87400736 | 5944533 | GO SEE THE WORLD |
| 86126361 | 4740009 | 3Q QUICK QUIET QUALITY |
| 86981430 | 5162770 | GENIUS SMARTECH TOMORROW'S TECHNOLOGY TODAY |
| 86718307 | 5167285 | DIAMOND BRILLIANCE |
| 86161570 | 4564279 | NO-SLIP GRIP |
| 77115920 | 3473088 | ALL THE POWER WITHOUT THE WEIGHT |
| | | THE PROFESSIONAL DESIGN HAIRSTYLISTS LOVE WITH THE PERFORMANCE THEY TRUST |

25. For example, Lighthouse advertises and sells the BaBylissPRO branded product depicted below, which displays the slogan THE PROFESSIONAL DESIGN HAIRSTYLISTS LOVE WITH THE PERFORMANCE THEY TRUST.



26. A number of these, and other, registered and/or unregistered slogans are displayed and advertised by Lighthouse connection with BaBylissPRO branded goods and online advertisements thereof.

27. Conair objects to any and all such uses by Lighthouse of Conair's registered and/or unregistered slogans which are used in connection with BaBylissPRO branded goods.

28. In addition to the foregoing, Conair claims to own certain trade dress rights in the way that its products are packaged, displayed and/or advertised.

29. For example, Conair claims to own the trade dress rights in the look and feel, designs, images and/or layout of its packaging of BaBylissPRO branded products.

30. The trade dress and packaging for BaBylissPRO branded products are advertised and displayed on the laladaisy.com website in connection with the BaBylissPRO branded products which are advertised and sold by Lighthouse.

31. Conair objects to any and all such advertisements and display of trade dress and packaging for BaBylissPRO branded products which are advertised and displayed on the laladaisy.com website, and/or other websites, in connection with the BaBylissPRO branded products which are advertised and sold by Lighthouse

32. Overall, Lighthouse has advertised, marketed, offered for sale, and sold products alleged by Conair to be infringing of its trademarks, slogans and/or trade dress rights.

33. Lighthouse does not have any type of contractual relationship with Conair which would prohibit Lighthouse from advertising, marketing, promoting, offering for sale and/or selling BABYLISSPRO-branded products in any particular manner.

34. Upon information and belief, Conair believes and maintains that Lighthouse's activities with respect to its advertising, marketing, offer for sale, and sale of the BaBylissPRO products constitute infringement of Conair's registered and unregistered trademark(s), slogans and/or trade dress rights.

35. The BaBylissPRO -branded products that Lighthouse advertises and sells are authentic and genuine and sold in their original packaging.

36. Lighthouse did not and does not infringe any of Conair's purported trademark rights.

37. Lighthouse did not and does not infringe any of Conair's purported trade dress rights.

38. Lighthouse did not and does not infringe any of Conair's slogans.

39. Conair objects to Lighthouse's advertising and sale of BaBylissPRO products.

40. Conair objects to Lighthouse's advertising and sale of products bearing the BaBylissPRO word mark(s).

41. Conair objects to Lighthouse's advertising and sale of products bearing the BaBylissPRO logo(s) and design(s).

42. Conair objects to Lighthouse's advertising and sale of products in Conair's product packaging featuring the BaBylissPRO mark(s) and design(s).

43. Conair objects to Lighthouse's advertising and sale of products in connection with one or more of Conair's registered and/or unregistered slogans.

44. In contrast, Lighthouse believes and alleges that its products, advertisements, and marketing and promotional materials do not infringe upon any valid trademarks, slogans and trade dress rights of Conair, and that that it has not committed any acts of infringement under the Lanham Act.

45. In view of the foregoing, there has been and now is an actual controversy between Conair and Lighthouse as to infringement of Conair's trademarks, trade dress and/or slogans.

46. Indeed, an actual controversy has arisen and now exists between Lighthouse and Conair concerning whether Lighthouse has infringed and is infringing Conair's BaBylissPRO word mark(s), logo(s) and design(s), slogans, trade dress and/or other trademark rights.

47. By virtue of the foregoing, Lighthouse desires a judicial determination of the parties' rights and duties with respect to the trademarks, slogans and trade dress rights asserted by Conair.

48. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## COUNT II

### Declaration of No Unfair Competition or False Advertising

49. Lighthouse repeats and realleges each allegation in the preceding paragraphs of its Counterclaim as if fully set forth herein.

50. In its Complaint, Conair alleges that advertisements by Lighthouse constitute unfair competition and false advertising and cause Conair to suffer monetary damages.

51. Conair maintains in its Complaint that its rights, including its registered and unregistered trademarks, slogans, trade dress rights and/or advertising ideas are used in Lighthouse's advertisements in violation of its rights and constitute unfair competition and/or false advertising.

52. Examples of Lighthouse's advertisements that Conair alleges constitute unfair competition and false advertising and cause it damages are referenced in the Complaint.

53. However, Lighthouse's advertisements do not constitute unfair competition or false advertising.

54. In view of the foregoing, there has been and now is an actual controversy between Plaintiff and Lighthouse as to whether Lighthouse's advertisements constitute unfair competition and/or false advertising.

55. Lighthouse desires a judicial determination of the parties' rights and duties with respect to the unfair competition and/or false advertising claims asserted by Conair.

56. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant/Counterclaim Plaintiff Lighthouse Wholesale, LLC prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing from Lighthouse by virtue of its Complaint.

2. That judgment be entered declaring that Lighthouse has not infringed any possible trademark(s), slogans and/or trade dress rights of Plaintiff.

3. That judgment be entered declaring that Lighthouse has not committed any acts of unfair competition and/or false advertising.

4. That Lighthouse be awarded its reasonable costs and attorneys' fees incurred herein.

5. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Lighthouse demands a trial by jury on all issues so triable.

        By:    */s/ Steven J. Stafstrom, Jr.*
                Steven J. Stafstrom, Jr. – ct27907
                Pullman & Comley, LLC
                850 Main Street
                P.O. Box 7006
                Bridgeport, CT  06601-7006
                Tel: 203-330-2266
                Fax: 203-576-8888
                sstafstrom@pullcom.com

                Richard Schurin (PHV pending)
                Steven Stern (PHV anticipated)
                Stern & Schurin LLP
                595 Stewart Avenue, Suite 510
                Garden City, NY 11530
                Tel: 516-248-0300
                Fax: 516-283-0277
                RSchurin@SternSchurin.com

                ATTORNEYS FOR THE DEFENDANTS, LIGHTHOUSE WHOLESALE, LLC, LALA DAISY LLC, AND BEACON BRANDS, LLC D/B/A WALMART SELLER "UNION SQUARE LIMITED" AND TARGET SELLER "BEACON BEAUTY CENTER"